Argued and submitted February 19, reversed and remanded for entry of judgment
for plaintiff May 12, 1993

## Paul SHAFFER,
*Appellant,*

*v.*

## STATE FARM FIRE
## & CASUALTY COMPANY,
*Respondent.*

(9007-04437; CA A72066)

852 P2d 245

Robert E. L. Bonaparte, Portland, argued the cause for appellant. With him on the briefs were Michael J. Gentry and Tooze Shenker Holloway & Duden, Portland.

Lisa E. Lear, Portland, argued the cause for respondent. With her on the brief were Jeremy E. Zuck and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■      Plaintiff brought this action to recover on an insurance policy issued by defendant for damage to his rental home caused by his tenant's use of the home as a methamphetamine laboratory. After a jury verdict for plaintiff, the trial court granted defendant's motion for directed verdict on the ground that the damage was excluded from policy coverage as a "contamination."

The policy exclusion is substantively the same as the one we considered in *Largent v. State Farm Fire & Casualty Co.*, 116 Or App 559, 842 P2d 447 (1992). There, we held that, as a matter of law, the exclusion does not apply to these circumstances, and that the damages claimed are covered by the policy. Accordingly, we conclude that the court erred as a matter of law in granting a directed verdict for defendant.

■      Defendant contends in a cross-assignment of error that, if we reverse, we should consider whether the court erred in refusing to submit defendant's special interrogatories to the jury concerning the nature of the damages to plaintiff's rental home.

Defendant's rationale for the use of special interrogatories was stated in its trial memorandum:

"The primary issue is whether or not the exclusion of the insurance contract for 'contamination' applies to any claimed damages resulting from the claimed production of methamphetamine on the premises owned by the insured. State Farm submits that it is very possible that, at the conclusion of the evidence in this matter, there will be no question of fact regarding the actual process, or part of the process, that was being used in the home, or the products that are created or were present in the home as a result of the process involved. If that occurs, this Court will be asked to apply the undisputed facts to the policy in determining whether or not the contamination exclusion applies.

"Plaintiff has taken the position that the production technique used in this home produces 'smoke' and is a covered loss under the terms and conditions of the insurance contract. State Farm submits there will be no testimony whatsoever in this case that smoke is created in the production of methamphetamine, and particularly as a result of the processes used in this home. The processes involve chemical

reactions, *not* the burning of any materials or the release of any particulates carried aloft. Although the production of methamphetamine may involve the release of steam or vapors, just as a can of acetone releases invisible vapors when the lid is taken off, the vapors do not qualify as smoke or otherwise affect the application of the contamination exclusion to the claimed loss."

Defendant argues that the evidence at trial showed that plaintiff's damage, if any, was caused by vapors, not by "smoke," as alleged. It contends that the general verdict form did not limit the jury to making an award only for damage caused by smoke. Defendant argues, therefore, that "it is not known whether the jury found damage caused by contamination, for which there was no coverage, or some other type of damage, for which Plaintiff was not entitled to recover under the claim pled in Plaintiff's Amended Complaint."

As we have said, the exclusion for contamination does not apply to damages resulting from use of the home as a methamphetamine laboratory. The characterization of the damages in the complaint as "smoke," rather than "vapors," is inconsequential. Under our interpretation of the exclusion in *Largent*, either would be covered. It was therefore not error for the court not to give the jury defendant's special interrogatories, which sought to distinguish between damage caused by smoke and damage caused by vapors.

Reversed and remanded for entry of judgment for plaintiff.